FORD v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.   April 14, 1913.)

No. 182.

INTERNAL REVENUE (§ 8*) — WAR REVENUE ACT — TRANSFER TAX — "INTESTATE LAW."

2 Rev. St. N. Y. pt. 2, tit. 1, art. 3, § 49, as amended by Laws 1869, c. 22, provides that whenever a testator shall have a child born after the making of the last will, and shall die leaving such child unprovided for or mentioned in the will, every such child shall succeed to the same portion of the testator's estate as would have descended or been distributed to such child if the parent had died intestate, etc.  Held, that such act was an "intestate law," within War Revenue Act June 13, 1898, c. 448, § 29, 30 Stat. 464 (U. S. Comp. St. 1901, p. 2307), imposing a tax on legacies or distributive shares from personal property passing from any person possessed of such property either by will or the intestate laws of any state or territory; and hence personal property passing to testator's posthumous child, not mentioned in his will or otherwise provided for by virtue of such act, was subject to tax.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 11, 12; Dec. Dig. § 8.*

For other definitions, see Words and Phrases, vol. 4, pp. 3732–3733.

Internal revenue tax on legacies, inheritances, and transfers, see note to Ward v. Sage, 108 C. C. A. 417.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District Court of the United States for the Southern District of New York; James P. Platt, Judge.

Action by the United States against Grace K. Ford, as executrix of the estate of Paul Leicester Ford, deceased, to recover a legacy tax imposed under War Revenue Act 1898, § 29, on the personal estate of decedent which passed to his posthumous child not provided for or mentioned in his will. From a judgment for plaintiff, defendant brings error. Affirmed on opinion of District Court, which is as follows:

This case was heard by the court last November without a jury upon stipulated facts, now to be set down, viz.:

"(1) Paul Leicester Ford died in, and a resident of, the city, county, and state of New York, on May 8, 1902. He left a last will and testament as follows:

" 'The last will and testament of Paul Leicester Ford, of the city of New York, county of New York, state of New York.

" 'I give, devise and bequeath to my brother, Worthington C. Ford, all my right, title and interest in and to the property known as numbers one hundred and one hundred and two Pineapple street in the city of Brooklyn, state of New York, including the two-story library building on the rear of said premises, and its extension on Clark street, said premises being about one hundred and twelve feet in depth and about fifty-two feet in width.

" 'I also give and bequeath to my brother above named all my books, manuscripts and engravings relating to American history, requesting him to leave the same upon his death to the Ford Collection in the N. Y. Public Library.

" 'I give and bequeath to my sister, Mrs. Roswell Skeel, Jr., the sum of five thousand dollars.

" 'The remainder of my property, real, personal and mixed, I give to my wife, Grace Kidder Ford.

" 'I hereby appoint as executrix and executors of this will my wife, Grace Kidder Ford, my father-in-law, Edward H. Kidder, and my brother-in-law, Roswell Skeel, Jr.

" 'Signed and sealed this eighteenth day of September, 1900.

" 'Paul Leicester Ford. [L. S.]

" 'Signed, sealed, published and declared by the said Paul Leicester Ford as and for his last will and testament in the presence of us, who at his request and in his presence, and in the presence of each other, have subscribed our names as witnesses thereto on the eighteenth day of September, 1900.

" 'Edward Johnson,
" 'The People's Trust Co.,
" '172 Montague St., Brooklyn, N. Y. City.
" 'Charles A. Boody,
" 'The People's Trust Co.,
" 'Brooklyn, N. Y.'

"(2) The said will was duly admitted to probate as a will of real and personal property by the surrogate of the county of New York on June 27, 1902, and on the same day letters testamentary thereunder were duly issued by the said surrogate to Grace K. Ford, the defendant herein, who ever since has been and still is the sole executrix of the said will.

"(3) The said Paul Leicester Ford married the said Grace K. Ford on the 18th day of September, 1900. No children had been born of the said marriage prior to the death of the said Paul Leicester Ford; but on June 3, 1902, the said Grace K. Ford gave birth to a daughter, Lesta Ford, who is still living. On January 18, 1908, the said Grace K. Ford was married to Dr. Linsly R. Williams, of the city of New York, since which time the defendant's name has been Grace Williams.

"(4) At the time of the death of the said Paul Leicester Ford the following statute of the state of New York, contained in 2 Revised Statutes, p. 65, § 49 (as amended by chapter 22 of the Laws of 1869), was in force: 'Whenever

a testator shall have a child born after the making of a last will, either in the lifetime or after the death of such testator, and shall die leaving such child, so after-born, unprovided for by any settlement, and neither provided for, nor in any way mentioned in such will, every such child shall succeed to the same portion of such parent's real and personal estate, as would have descended or been distributed to such child if such parent had died intestate, and shall be entitled to recover the same portion from the devisees and legatees in proportion to and out of the parts devised and bequeathed to them by such will.'

"(5) At the time of the death of the said Paul Leicester Ford the following statute of the state of New York, contained in section 2732 of the Code of Civil Procedure, was in force: 'If the deceased died intestate, the surplus of his personal property after payment of debts; and' if he left a will, such surplus, after the payment of debts and legacies, if not bequeathed, must be distributed to his widow, children, or next of kin, in manner following: One-third part to the widow, and the residue in equal portions among the children, and such persons as legally represent the children, if any of them have died before the deceased.'

"(6) The said Paul Leicester Ford left at the time of his death personalty amounting, as appraised by the transfer tax appraiser of the state of New York, to the sum of $214,691.80. The debts, expenses of administration, and commissions of the executrix amounted to the sum of $9,119.73, leaving the net amount of his personal estate the sum of $205,572.07. The value of the specific bequests contained in the will of the said. Paul Leicester Ford, as appraised by the transfer tax appraiser of the state of New York, is as follows: Worthington C. Ford, books, manuscripts, engravings, etc., $6,500; Mrs. Roswell Skeel, Jr., cash, $5,000—bringing the value of the residuary personal estate to the sum of $194,072.07, which in his will aforesaid the said Paul Leicester Ford bequeathed to his widow, Grace K. Ford.

"(7) Under the act of Congress entitled 'An act to provide ways and means to meet war expenditures, and for other purposes,' approved June 13, 1898, as amended by the act of Congress, entitled 'An act to repeal war revenue taxation and for other purposes,' approved April 12, 1902 (Act June 13, 1898, c. 448, 30 Stat. 448 [U. S. Comp. St. 1901, p. 2286], as amended by Act April 12, 1902, c. 500, 32 Stat. 96 [U. S. Comp. St. Supp. 1911, p. 978]), the collector of internal revenue for the Third district of New York, on the 30th day of September, 1903, assessed a tax upon two-thirds of the entire personal estate of the said Paul Leicester Ford, as follows:

Two-thirds of bequest to Worthington C. Ford..............$    4,333.34
Two-thirds of bequest to Mrs. Roswell Skeel, Jr.............    3.333.33
Two-thirds of residuary personal estate.....................  129,381.38

Two-thirds of entire personal estate, interest of Lesta Ford. .$137,048.05
Less transfer tax due to the state of New York..............    1,370.48

                                                              $135,677.57

"The tax on the above amount, computed at the rate of $1.50 per $100, amounts to the sum of $2,035.16, to recover which this action is brought.

"(8) The account of the said Grace K. Ford, as executrix of the will of the said Paul Leicester Ford, was finally judicially settled by the surrogate of the county of New York on May 5, 1905, and by the decree of the said surrogate settling the said account the said executrix was directed to transfer, deliver, and pay over to the guardian of the said Lesta Ford her share of the estate of the said Paul Leicester Ford, amounting as aforesaid, less the transfer tax due the state of New York, to the sum of $135.677.57. No part of the personal estate of the said Paul Leicester Ford was transferred, delivered, or paid over to the said Lesta Ford or to her guardian until after the said 5th day of May, 1905. The said Lesta Ford was not provided for by any settlement by the said Paul Leicester Ford prior to his death.

"(9) The said Grace K. Ford, as executrix of the will of the said Paul Leicester Ford, has not paid the said duty or tax assessed by the collector of internal revenue as aforesaid, nor has she given any notice, or rendered

any schedule, or filed any return, or performed any other act or duty pursuant to the acts of Congress aforesaid, except that on or about the 2d day of November, 1903, she filed with the said collector of internal revenue a claim for the remission of the said tax so assessed."

The decision depends mainly upon the construction to be placed upon the language of the War Revenue Act (section 29, Act June 13, 1898, as amended). The substance of it is that any one having control of "legacies or distributive shares arising from personal property" exceeding $10,000 in actual value "passing * * * from any person possessed of such property, either by will or by the intestate laws of any state or territory," shall pay a certain sum to the United States as a duty or tax. It is conceded that the property claimed to be subject to the tax did not pass from Paul Leicester Ford, the deceased, to Lesta Ford, his posthumous daughter, by will, and did pass to her under the laws of the state of New York. The disputed point is that the law under which it did pass is not an "intestate law." The main argument in support of this proposition is that the law in question is not placed by the Legislature of the state in that part of the statutes where the well-defined and well-understood "intestate laws" are found.

Admitting this to be so, it falls far short of settling the dispute. The question still remains open as to what the law really is, and whether it is one of the laws which the Congress had in mind when it enacted the section 29 above outlined. We must start our thoughts with the truism that no man has the inherent right to transmit what he has accumulated to others after he is dead. He can give it away while alive, and by virtue of the statute laws of the various states he can, to a certain extent, direct what shall be done with it by will, and if he does not do so, either by neglect or advisedly, the state itself by legislative act provides for its distribution.

When the Congress provided for the levying of a certain toll on all the dead man's property passing either by will or intestate law, it would seem that no crevice was left for any property to slip through without responding to the provision. When a man dies, it will be found in every case that he either did or did not leave a will. In the case at bar he left a will: but it is conceded that Lesta Ford did not get her property by virtue of that will in the sense that she did not get it because of any stated wish of the testator appearing in the will. The testator said nothing about her, because she was not in being when he made the will. When she was born, it was too late for the testator to express any wish which he might have had, if alive, because he himself had passed beyond into the unknown land. The Legislature of the state of New York had long ago passed the statute, set forth in the stipulation, to provide for such cases. The statute does not, it is true, in set terms revoke the will; but it does plainly render the will inoperative in so far as it fails to provide for the later born Lesta.

So far as she and her interest in her father's property is concerned, the case stands exactly as if the father had made no will at all. The statute provides for her welfare on the theory that the father did not express his will in that respect, because he was no soothsayer and could not foretell the happenings of the future, but in all human probability would have done what the statute has done for him, had he known what the situation was to be, and, as I just said, provides for her because her father did not. When Lesta was born, if the statute had not been in existence, she would have been a forlorn waif, with not even a penny in expectation. The statute acts upon the property directly, to the exclusion, or rather in supplementation, of the testator's expressed desire, and to a plain mind, like the writer's, is, from every point of view, except its precise location in the statute book, an intestate law.

The other points against a verdict do not strike me as serious enough to warrant discussion. It is the duty of the court to direct a verdict for the plaintiff, upon the stipulated facts, for the sum of $2,035.16, the amount of the tax sued for, together with a penalty of 5 per cent. and 1 per cent. interest per month.

**So ordered.**

T. L. Frothingham, of New York City, for plaintiff in error.

Henry A. Wise, U. S. Atty., and A. S. Pratt, Asst. U. S. Atty., both of New York City.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. We are satisfied to affirm this judgment upon the opinion of Judge Platt, who heard the cause on an agreed statement of facts. The fundamental question in the case is whether the particular provision of the state statutes under which this child received her share of her father's personal estate, is an "intestate law" within the meaning of the War Revenue Act, which imposes a tax on personal property "passing * * * from any person possessed of such property, either by will or by the intestate laws of any state." Inasmuch as the particular state statute in effect provides that as to her the will was ineffective, and that she should receive by virtue of this statute, in connection with the general statute of distribution of intestate estates, the personal property which she has received, it seems to us that this particular piece of state legislation may properly be called an "intestate law." So far as she is concerned, the situation is the same as if her father had died intestate.

The judgment is affirmed.